The CITY OF MIDLAND, Petitioner,

v.

Roger GOERLITZ, d/b/a American
Wood Waste Recycling,
Respondent.

No. 03–0185.

Supreme Court of Texas.

Aug. 31, 2006.

N. Bennett Sandlin, Baltasar D. Cruz, Kristofer S. Monson, Assistant Solicitor Gen., Austin, Bruce S. Powers, Assistant County Attorney, Warren W. Harris, Bracewell & Giuliani, LLP, Houston, Wil-

---

liam M. Boyd, John R. Stooksberry, Boyd Veigel, P.C., McKinney, Robert C. Lyon, Robert Lyon & Associates, Rowlett, Bob Gorsky, Lyon, Gorsky, Haring & Gilbert, LLP, Dallas, P. Michael Jung, Duncan L. Core, Strasburger & Price, Dallas, for Amicus Curiae.

Keith David Stretcher, City Attorney, G. Chadwick Weaver, First Assistant City Attorney, and Karla Whitsitt, Assistant City Attorney, Midland, for Petitioner.

Steven C. Haley, Moorman, Tate, Moorman, Urquhart & Haley, L.L.P., Brenham, for Respondent.

### PER CURIAM.

Roger Goerlitz, d/b/a American Wood Waste Recycling, sued the City of Midland for breach of a contract to produce wood chips. The City filed a counterclaim for damages related to the contract and a plea to the jurisdiction based on its governmental immunity.

The trial court granted the plea to the jurisdiction, and the City nonsuited its counterclaim. The court of appeals reversed, holding that the City's immunity from suit was waived by section 51.075 of the Local Government Code that authorizes it to "plead and be impleaded" and the City's charter that authorizes it to "sue and be sued." 101 S.W.3d 573, 577. Goerlitz also argued in the court of appeals that the City consented to jurisdiction by filing a counterclaim, but the court of appeals did not reach that argument. *Id.*

■■■■ For the reasons explained in *Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex.2006), we hold that section 51.075 and the City Charter do not contain clear and unambiguous waivers of immunity. *See*

*also City of Houston v. Jones*, 197 S.W.3d 391 (Tex.2006).

While this case has been pending on appeal, we have decided *Reata Construction Corp. v. City of Dallas*, 197 S.W.3d 371 (Tex.2006), and the Legislature has enacted sections 271.151–.160 of the Local Government Code. Act of May 23, 2005, 79th Leg., R. S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. Goerlitz should have the opportunity to argue in the trial court that the City's immunity from suit either does not exist pursuant to our decision in *Reata* or that it has been waived by sections 271.151–.160 of the Local Government Code, which provide that there is no immunity from suit for certain claims against local governmental entities, including municipalities.[1]

Accordingly, we grant the City's petition for review, and without hearing oral argument, Tex.R.App. P. 59. 1, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.

---

1. Sections 271.152–.154 "apply to a claim that arises under a contract executed before [September 1, 2005] . . . if sovereign immunity has not been waived with respect to the claim" before that date. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549.