**METROPOLITAN TRANSIT AUTHORITY, Petitioner,**

v.

**M.E.B. ENGINEERING, INC., Respondent.**

No. 04–0757.

Supreme Court of Texas.

Aug. 31, 2006.

Randy Frazier, Houston, for Petitioner.

David Wayne Hodges, Galvin B. Kennedy, Kennedy Hodges, LLC, Houston, for Respondent.

PER CURIAM.

M.E.B. Engineering, Inc. sued the Metropolitan Transit Authority of Harris County (METRO) for breach of contract. METRO filed a counterclaim, also for breach of contract, and filed a plea to the jurisdiction based on its governmental immunity.

The trial court denied METRO's plea to the jurisdiction, and the court of appeals affirmed the trial court's order. 176 S.W.3d 300, 304. The court of appeals held that Transportation Code section 451.054 waived METRO's immunity because it provides that a transportation authority may "sue and be sued." M.E.B. also argued in the court of appeals that METRO consented to jurisdiction by filing a counterclaim, but the court of appeals did not reach that argument.

For the reasons explained in *Tooke v. City of Mexia,* 197 S.W.3d 325 (Tex.2006), we hold that the "sue and be sued" language in section 451.054 of the Transportation Code is not alone a clear and unambiguous waiver of immunity. *See also City of Houston v. Jones,* 197 S.W.3d 391 (Tex. 2006). While this case has been pending on appeal, we have decided *Reata Construction Corp. v. City of Dallas,* 197 S.W.3d 371 (Tex.2006), and the Legislature has enacted sections 271.151–.160 of the Local Government Code. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. M.E.B. should

have the opportunity to argue in the trial court that METRO's immunity from suit either does not exist pursuant to our decision in *Reata* or that it has been waived by sections 271.151–.160 of the Local Government Code, which provide that there is no immunity from suit for certain claims against local governmental entities.[1]

Accordingly, we grant METRO's petition for review, and without hearing oral argument, Tex.R.App. P. 59. 1, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.

---

1. Sections 271.152–.154 "apply to a claim that arises under a contract executed before [September 1, 2005] ... if sovereign immunity has not been waived with respect to the claim" before that date. Act of May 23, 2005, 79th Leg., R. S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549.