**CITY OF HOUSTON, Petitioner,**

v.

**UNITED WATER SERVICES, INC., Respondent.**

No. 04–0547.

Supreme Court of Texas.

Aug. 31, 2006.

---

David W. Holman, The Holman Law Firm, P.C., Malinda York Crouch, Sr. Assistant City Attorney, Arturo G. Michel, City Attorney, Michael D. Hudgins, Eric Carl Nordstrom, Chandra Lashae Home, Hudgins, Hudgins & Warrick, P.C., Houston, for Petitioner.

Jeff Joyce, Craig T. Enoch, and Elliot Clark, Winstead Sechrest & Minick P.C., Austin, for Respondent.

PER CURIAM.

United Water Services, Inc. sued the City of Houston for breach of a contract to operate and maintain a water purification plant. The City filed a counterclaim for breach of the same contract and a plea to the jurisdiction based on its governmental immunity.

The trial court granted the plea to the jurisdiction and dismissed United Water Services' claim, and the City nonsuited its counterclaim. The court of appeals reversed the trial court's order, holding that the City's immunity from suit was waived by the City's Charter that authorizes it to "sue and be sued." 137 S.W.3d 747, 757. United Water Services also argued in the court of appeals that the City consented to jurisdiction by filing a counterclaim, but the court of appeals did not reach that argument.

For the reasons explained in *Tooke v. City of Mexia,* 197 S.W.3d 325 (Tex.2006), we hold that the City Charter does not contain a clear and unambiguous waiver of immunity. *See also City of Houston v. Jones,* 197 S.W.3d 391 (Tex.2006).

While this case has been pending on appeal, we have decided *Reata Construction Corp. v. City of Dallas,* 197 S.W.3d 371 (Tex.2006), and the Legislature has enacted sections 271.151–.160 of the Local Government Code. Act of May 23, 2005, 79th Leg., R. S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. United Water Services should have the opportunity to argue in the trial court that the City's immunity from suit either does not exist pursuant to our decision in *Reata* or that it has been waived by sections 271.151–.160 of the Local Government Code, which provide that there is no immunity from suit for certain claims against local governmental entities, including municipalities.[1]

Accordingly, we grant the City's petition for review, and without hearing oral argument, TEX.R.APP. P. 59. 1, we reverse the

---

1. Sections 271.152–.154 "apply to a claim that arises under a contract executed before [September 1, 2005] ... if sovereign immunity has not been waived with respect to the claim" before that date. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549.

court of appeals' judgment and remand the case to the trial court for further proceedings.