**PAULA CONSTRUCTION, INC., Appellant,**

v.

**CITY OF LYTLE, Appellee.**

**No. 04–05–00317–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 6, 2006.

Carl Payne Tobey, Jr., Michael Box, The Tobey Law Firm, Boerne, for appellant.

Thomas P. Cate, Law Office of Thomas P. Cate, P.C., Lytle, Kimberly S. Keller, The Keller Law Firm, San Antonio, Bradley E. Chambers, Spain Hastings Ward Carey and Chambers, Houston, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, PHYLIS J. SPEEDLIN, Justices.

## OPINION ON APPELLEE'S FURTHER MOTION FOR REHEARING

Opinion by PHYLIS J. SPEEDLIN, Justice.

In light of the Texas Supreme Court's recent opinion in *Tooke v. City of Mexia,* 197 S.W.3d 325 (Tex.2006), we grant appellee City of Lytle's further motion for panel rehearing filed September 22, 2006, with-draw our prior opinion and judgment issued on August 23, 2006, and substitute this opinion and judgment. Appellee's motion for reconsideration en banc filed on September 22, 2006 is denied.

Paula Construction, Inc., appeals the trial court's order granting the City of Lytle's plea to the jurisdiction. We reverse the trial court's judgment dismissing this suit for lack of jurisdiction and remand the case for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts in this case pertaining to jurisdiction are straightforward and undisputed. Paula Construction entered into a contract with the City of Lytle on October 14, 2002 to remove sludge material from two of the City's wastewater treatment ponds. A dispute arose over the amount of sludge material to be removed, and Paula Construction filed suit against the City of Lytle claiming the City failed to pay for services rendered under the contract. The City of Lytle filed a plea to the jurisdiction arguing it "has not waived its immunity from suit for any cause of action allegedly arising out of the contract in question." The trial court agreed and dismissed Paula Construction's suit against the City for lack of jurisdiction. Paula Construction appealed, arguing that the City's assertion of immunity fails because the Local Government Code expressly waives sovereign immunity for Type A municipalities such as the City of Lytle under the Supreme Court precedent of *Missouri Pac. R.R. Co. v. Brownsville Navigation Dist.,* or, alternatively, because Chapter 271 of the Local Government Code applies retroactively to provide a limited waiver of immunity. *See Missouri Pac. R.R. Co. v. Brownsville Navigation Dist.,* 453 S.W.2d 812 (Tex.1970). We will address each argument in turn.

## STANDARD OF REVIEW

A trial court's ruling on a plea to the court's subject matter jurisdiction is a question of law subject to *de novo* review. *Texas Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002). Also, "[i]nterpretation of a statute is a pure question of law over which the [trial] judge has no discretion." *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex.1997). Accordingly, we review the trial court's determination that the City of Lytle is immune from suit *de novo*.

## DISCUSSION

In Texas, a municipality, such as the City of Lytle, exercising its governmental function is protected from suit under the doctrine of sovereign immunity unless the legislature affirmatively and unambiguously waives that immunity. TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001(3)(A),(B), 101.025 (Vernon 2005). As a Type A municipality, the legislature has said that the City of Lytle "may sue and be sued, implead and be impleaded, and answer and be answered in any matter in any court or other place." TEX. LOC. GOV'T CODE ANN. § 51.013 (Vernon 1999). Recently, the Texas Supreme Court held in *Tooke v. City of Mexia* that a statute containing the language "sue and be sued" or "implead and be impleaded" does not automatically waive governmental immunity from suit because "the import of these phrases cannot be ascertained apart from the context in which they occur...." *Tooke*, 197 S.W.3d at 329. The Supreme Court specifically overruled its previous holding in *Missouri Pacific*. *Id.* at 342. "As we have seen, the words 'sue and be sued,' standing alone, are if anything, unclear and ambiguous. The effect of similar clauses, like 'plead and be impleaded,' is indistinguishable, and therefore those clauses do not, by themselves, waive immunity." *Id.* Here, as in *Tooke*, the statute at issue, Section 51.013 of the Local Government Code, does not reveal a clear intent to waive immunity from suit. Thus, we hold that the City's immunity from suit on Paula Construction's contract claim was not waived by Section 51.013. *Id.*

Paula Construction alternatively argues on appeal that the City of Lytle's immunity from suit is waived by the retroactive application of a relatively recent addition to the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 271.152 (Vernon 2005) [Act of June 17, 2005, 79th Leg. R.S., ch. 604, § 1, 2005 Tex. Sess. Law Serv. 1549]. As noted in the *Tooke* opinion, this provision "waiv[es] immunity from suit for contract claims against most local governmental entities in certain circumstances." *Tooke*, 197 S.W.3d at 344. Section 271.152 reads:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter *waives sovereign immunity* to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152 (emphasis added).

Here, it is undisputed that the contract at issue between Paula Construction and the City of Lytle was executed before September 1, 2005, the effective date of the new statute. However, the historical note following the statute expressly states that Section 271.152 applies "to a claim that arises under a contract executed *before* the effective date [September 1, 2005] ... *only if sovereign immunity has not been waived* with respect to the claim before the effective date of this Act." *Id.* (emphasis added). If immunity was waived for a claim that arose before that date, Section 271.152 "has no effect." *Id.; see also*

*Tooke,* 197 S.W.3d at 345. With the recent holding in *Tooke,* the City of Lytle would have been immune from a breach of contract suit brought before September 1, 2005. Therefore, Section 271.152 may indeed have retroactive application to the instant case. In fact, the City of Lytle acknowledges that Section 271.152 has retroactive application to Paula Construction's suit, but it contends that immunity has not been waived "for the majority, if not all of the claims against [it] and damages sought." Specifically, the City maintains that Paula Construction is attempting to recover damages not waived under Section 271.153(b), damages in excess of what is allowed under Section 271.153(a), or damages prohibited under Section. 271.159. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.153(a), (b), 271.159 (Vernon 2005). However, because the trial court considered the City of Lytle's jurisdictional plea on February 14, 2005, several months before the Local Government Code was amended, neither party nor the trial court made or heard arguments regarding the applicability of the waiver of immunity afforded by the new statute. Accordingly, we reverse the trial court's judgment and remand the cause to the trial court to allow the parties to address the applicability of Sections 271.151–.160 of the Local Government Code.