Opinion issued August 21, 2008











In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00399-CV




METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY,
TEXAS, Appellant

V.

CUBIC TRANSPORTATION SYSTEMS, INC., Appellee




On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2005-17997




MEMORANDUM OPINION
          This is a statutory construction case concerning the retroactive applicability of
a 2005 Act that waives a local government’s immunity for breach-of-contract claims. 
Act of May 23, 2005, 79th Leg., R.S., ch. 604, 2005 Tex. Gen. Laws 1548 (codified
at Tex. Loc. Gov’t Code Ann. §§ 271.151–.160 (Vernon 2006)). The trial court
signed an April 20, 2007 order denying appellant Metropolitan Transit Authority of
Harris County, Texas’s motion for summary judgment based on governmental
immunity. Metro brings this interlocutory appeal. See Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a)(8) (Vernon 2008) (authorizing interlocutory appeal by
governmental unit of denial of plea to jurisdiction); Tex. Transp. Code Ann.
§ 451.052(c) (Vernon 2007) (establishing Metro as governmental unit); Thomas v.
Long, 207 S.W.3d 334, 338–40 (Tex. 2006) (court of appeals has jurisdiction under
Civil Practice and Remedies Code section 51.014(a)(8) over summary judgment order
denying assertion of governmental immunity).
          The 2005 Act applies retroactively, even though its effective date is
September 1, 2005. Act of May 23, 2005, 79th Leg., R.S., ch. 604, §§ 2, 3, 2005 Tex.
Gen. Laws 1548, 1549. However, section 2 of the 2005 Act conditions retroactive
application to those cases in which no other law has waived immunity. The issue
here, therefore, is: (1) whether Metro’s filing of a counterclaim was a separate waiver
of governmental immunity under Reata Construction Corp. v. City of Dallas and
(2) whether that waiver, if any, negates the retroactive application of the 2005 Act. 
197 S.W.3d 371 (Tex. 2006). Because we hold that filing a counterclaim under Reata
does not waive immunity, we affirm the trial court’s order.
Facts
          Metro and appellee Cubic Transportation Systems, Inc. entered into a contract
under which Cubic was to design and deliver to Metro an automated fare collection
system. There were disputes between the parties about performance. Metro
eventually informed Cubic that it was in default and gave Cubic 30 days to cure
specified “deficiencies.”
          On March 18, 2005, Cubic filed suit against Metro, seeking a declaratory
judgment that Metro was not entitled to terminate the contract. Metro terminated the
contract that day. On April 13, 2005, Metro filed its answer to Cubic’s declaratory
judgment action and a breach-of-contract counterclaim against Cubic to recover the
$4,047,000 Metro had already paid to Cubic, plus attorney’s fees. Metro then filed
a motion for partial summary judgment on Cubic’s claims, arguing that the 2005 Act
waiving governmental immunity for breach-of-contract claims did not apply because
Metro’s counterclaim triggered a common-law waiver of governmental immunity
under which Cubic’s potential recovery was limited to an offset of any recovery
Metro might obtain on its four million dollar breach-of-contract counterclaim. See
Reata, 197 S.W.3d at 376–77 (governmental immunity does not bar claims against
governmental entity if claims are connected to, germane to, and defensive to claims
asserted by governmental entity).
Discussion
          This appeal turns on the interpretation of section 2 of the 2005 Act:
Sections 271.152, 271.153, and 271.154, Local Government Code, as
added by this Act, apply to a claim that arises under a contract executed
before the effective date of this Act only if sovereign immunity has not
been waived with respect to the claim before the date of this Act. A
claim that arises under a contract executed before the effective date of
this Act and with respect to which sovereign immunity has been waived
is governed by the law in effect on the date the contract was executed,
and the former law is continued in effect for that purpose.
Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549
(emphasis added). The 2005 Act, which in enacting Local Government Code sections
271.151 through 271.160 waives a local government’s immunity from suit for
breach-of-contract claims, clearly applies retroactively to contracts executed before
September 1, 2005 if there has been no independent waiver of immunity before that
date. See Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 3, 2005 Tex. Gen. Laws
1548, 1549 (September 1, 2005 effective date).
           Metro claims that its April 13, 2005 counterclaim constituted a common-law
waiver of immunity under Reata. Metro goes on to argue that, under the terms of
section 2 of the 2005 Act, the general retroactive waiver of immunity for a
breach-of-contract claim does not apply because that waiver occurred before
September 1, 2005, the effective date of the 2005 Act. Metro thus claims that Cubic’s
potential recovery is limited to an offset of any recovery Metro might obtain on its
four million dollar breach-of-contract counterclaims.
          Metro’s argument can only be successful if the supreme court in Reata
recognized a waiver of immunity. Although the Reata opinion itself does not directly
address the issue, the supreme court has subsequently drawn a clear line between a
statutory waiver of immunity and a party’s right under Reata to offset a claim by the
state or its political subdivisions. In several cases, the supreme court has
characterized the Reata rule as a situation in which immunity simply does not exist,
rather than a situation in which governmental immunity is waived. City of Midland
v. Goerlitz, 201 S.W.3d 689, 690 (Tex. 2006); City of Houston v. United Water
Servs., 201 S.W.3d 690, 691 (Tex. 2006); Metro. Transit. Auth. v. M.E.B. Eng’g, Inc.,
201 S.W.3d 692, 693 (Tex. 2006); City of Irving v. Inform Constr., Inc., 201 S.W.3d
693, 694 (Tex. 2006).
          Section 2 of the 2005 Act only saves Metro from the retroactive waiver of
immunity for Cubic’s breach-of-contract claims if there was a preexisting waiver. 
Because Metro’s counterclaim under Reata did not waive Metro’s governmental
immunity before the effective date of the 2005 Act, we hold that the trial court did not
err in denying Metro’s motion for summary judgment based on governmental
immunity.
Conclusion
          We overrule Metro’s sole point of error and affirm the trial court’s April 20,
2007 order. The Clerk of this Court is directed to immediately issue the mandate. 
See Tex. R. App. P. 18.6.
 
 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.
Justice Keyes, concurring in the judgment only.