

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-08-156-CV

DALLAS AREA RAPID TRANSIT                                          APPELLANT

V.

AGENT SYSTEMS, INC.                                                  APPELLEE

------------

### FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant Dallas Area Rapid Transit (DART) appeals the denial of its plea to the jurisdiction, complaining that the trial court did not have subject matter jurisdiction over claims brought by Appellee Agent Systems, Inc. (Agent). We reverse and remand.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

Agent had a contract with DART and the Fort Worth Transportation Authority (the T) to supply fare boxes for their public transportation vehicles. After a dispute arose between the parties, DART and the T terminated the contract for default. Litigation then ensued between the parties over whether the termination was actually one for convenience instead of for default.[2]

An administrative law judge found that the termination was for convenience, but he also denied Agent any additional payments under the contract. Agent filed suit, asserting claims for declaratory judgment, breach of contract, breach of the implied covenant of cooperation, economic duress, and breach of the duty of good faith and fair dealing. DART filed a motion for summary judgment and then a plea to the jurisdiction, both of which were denied. The denial of the latter prompted this interlocutory appeal by DART. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2008).

## III. Standard of Review

---

[2] The parties' contract contains different provisions that govern in the event of a termination for convenience or a termination for default. Under a termination for convenience, the contractor must be paid its costs, including contract close-out costs, and profit on work performed up to the time of termination. Under a termination for default, however, Agent would recover only the contract price for conforming goods, materials, or supplies delivered and accepted or the actual value of work completed or services performed up to the time of termination.

We review de novo the denial of a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction is a dilatory plea; its purpose is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The purpose of a dilatory plea is not to force the plaintiff to preview its case on the merits but to establish a reason why the merits of the plaintiff's claims should never be reached. *Id.* Although the claims may form the context in which a plea to the jurisdiction is raised, the plea should be decided without delving into the case's merits. *Id.* Accordingly, to determine whether jurisdiction exists, we construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *See Miranda*, 133 S.W.3d at 226.

## IV. Declaratory Relief

In its first issue, DART argues that the trial court did not have subject matter jurisdiction over Agent's claim for declaratory relief because attorney's fees are not otherwise recoverable by Agent in its claim against a governmental entity such as DART.

In its first amended petition, Agent sought relief under the Uniform Declaratory Judgments Act (UDJA), requesting "that the Court affirm the agencies' determination that the attempted 'termination for default' by

3

Defendants was a 'termination for convenience' and to further construe the agreement to determine the obligations of Defendants under the termination for convenience."[3] Agent then also requested attorney's fees and costs under the UDJA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 2008). Under the heading "Breach of Contract," Agent claimed that DART had not performed its obligations under the contract because of its "failure to pay funds due under the termination claims of Agent." A clear reading of Agent's first amended petition reveals that Agent alleged that DART breached the contract by denominating the termination as one of "default" instead of "convenience" and then by failing to comply with the "convenience" provisions.

It is axiomatic that attorney's fees are recoverable only by statute or contract. *Holland v. Wal-Mart Stores, Inc.,* 1 S.W.3d 91, 95 (Tex. 1999). The contract in question does not allow for the recovery of attorney's fees, and section 38.001 of the civil practice and remedies code, the statutory vehicle for recovery of attorney's fees for breach of contract, is inapplicable to DART. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 2008) (providing that a

---

[3] A plaintiff's amended petition supersedes the original petition. *See* Tex. R. Civ. P. 65; *see also FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008) (stating that "[o]ur rules provide that amended pleadings and their contents take the place of prior pleadings").

person may recover attorney's fees from "an individual or corporation"); *Dallas Area Rapid Transit v. Plummer,* 841 S.W.2d 870, 875 (Tex. App.—Dallas 1992, writ denied) (op. on reh'g) (stating that DART, as a governmental entity, is neither an individual nor a corporation), *abrogated on other grounds by Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432 (Tex. 1995); *see also City of Houston v. Petroleum Traders Corp*., 261 S.W.3d 350, 360 n.6 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (applying same rule to municipality). Hence, Agent is not entitled to attorney's fees unless it can find another horse to ride.

Agent attempts to mount the UDJA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (providing that a court may award reasonable and necessary attorney's fees in a declaratory judgment proceeding). However, a party may not use section 37.009 for the sole purpose of obtaining attorney's fees. *City of Houston v. Texan Land & Cattle Co.*, 138 S.W.3d 382, 392 (Tex. App.—Houston [14th Dist.] 2004, no pet.). More specifically, a party may not use a declaratory judgment action to seek the same relief afforded under another of its causes of action in an effort to obtain otherwise impermissible attorney's fees. *Id.*; *see also U.S. Bank, N.A. v. Prestige Ford Garland Ltd. P'ship*, 170 S.W.3d 272, 278 (Tex. App.—Dallas 2005, no pet.) (stating that "[o]rdinarily declaratory relief will not be granted when the cause of action has

fully matured and invokes a present remedy at law"); *Kenneth Leventhal & Co. v. Reeves*, 978 S.W.2d 253, 258–59 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (stating that "[o]nce Reeves pleaded breach of contract, he had no need for declaratory relief. Under such circumstance, a pleading for declaratory relief will not lie").

Furthermore, a declaratory plea may not be coupled to a damage action simply in order to pave the way to recover attorney's fees. *Cytogenix, Inc. v. Waldroff*, 213 S.W.3d 479, 490 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *Hartford Cas. Ins. v. Budget Rent-A-Car*, 796 S.W.2d 763, 772 (Tex. App.—Dallas 1990, writ denied). Therefore, it is apparent that Agent's declaratory judgment thoroughbred will not leave the starting gate, as Agent's only real purpose is to obtain damages that an already existing breach of contract claim would entitle it to and to obtain attorney's fees to which it is not otherwise entitled. We sustain DART's first issue.

## V. Breach of Contract Claim

In its second issue, DART asserts that the trial court lacked subject matter jurisdiction over Agent's breach of contract claim. However, the parties' contract and Agent's first amended petition dispel this argument.

In its first amended petition, Agent asserted a claim under subchapter 271 of the local government code when it stated that sections 271.151 and

6

271.152 of the local government code provide a waiver of immunity with regard to its breach of contract claim. These sections, which apply retroactively, waive a "local governmental entity's" sovereign immunity to suit for contracts entered for goods and services— "local governmental entity" is the very status upon which DART rests its plea to the jurisdiction.[4] *See* Tex. Loc. Gov't Code Ann. §§ 271.151–.152 (Vernon 2005); *Paula Constr., Inc. v. City of Lytle*, 220 S.W.3d 16, 18–19 (Tex. App.—San Antonio 2006, no pet.) (op. on reh'g) (applying section 271.151 retroactively); *see also Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 328 (Tex. 2006) (applying section 271.152's

---

[4] Governmental immunity has two components: immunity from liability and immunity from suit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit bars suit against the entity altogether. *Id*. When a governmental entity enters into a contract, that entity waives immunity from liability and voluntarily binds itself, just as any other party would, to the terms of the contract, but that entity does not thereby waive immunity from suit. *Id*. For there to be a waiver of immunity from suit in the contract-claim context, the legislature must have waived immunity from suit as to the claim in question by clear and unambiguous language. *See* Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2008) (providing that a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language); *Tooke*, 197 S.W.3d at 332–33 (requiring clear and unambiguous language to waive governmental immunity). Section 271.152 of the local government code contains an express waiver of immunity from suit for some contract claims. *See Clear Lake City Water Auth. v. Friendswood Dev. Co.,* 256 S.W.3d 735, 746–47, 751 (Tex. App.—Houston [14th Dist.] 2008, pet. filed) (holding that contract to provide services fell under subchapter 271).

7

statutory waiver to insurance claim dispute). It is undisputed that the contract at issue here stated all essential terms, involved the provision of goods or services, and was properly executed by DART. *See* Tex. Loc. Gov't Code Ann. § 271.151. Instead, DART argues that because the contractual dispute resolution procedures do not conflict with subchapter 271, its immunity is not waived. In light of the contract's language, however, this argument must fail.

In the parties' contract, section 13(b) of the Fort Worth Transportation Authority General Terms and Conditions, titled "Contract Disputes/Breaches/Damages," states

> [b]y submission of a bid, proposal, offer, or quotation in response to this solicitation, the Contractor or offeror agrees to exhaust its administrative remedies under Chapter 10 of the Authority's Procurement Regulations or the Disputes Clause of any resulting contract *prior to seeking judicial relief* of any type in connection with any matter related to this solicitation, the award of any contract, and any dispute under any resulting contract. [Emphasis added.]

DART points to Rule of Practice 28 of the T's regulations under which the contract was formed, which states that "[s]ubject only to reconsideration under Rule 29, the decisions will be final and not subject to review or modification by the Authority's Executive Committee." However, the same rule goes on to state that "[t]he failure to file a motion for reconsideration *shall not be an impediment to either appellant or respondent seeking judicial review* of an

8

Administrative Judge's decision under the standard of review permitted by the Disputes Clause."

Because the contract in question does not prohibit subsequent judicial relief, and because the contract itself appears to fall under subchapter 271 of the local government code, we need not address DART's remaining arguments under this issue.[5] *See* Tex. R. App. P. 47.1. We overrule DART's second issue.

## VI. Tort Claims

In its third issue, DART asserts that the trial court did not have subject matter jurisdiction over Agent's tort claims. DART is correct.

A governmental unit is immune from tort liability unless the legislature has waived immunity. *City of Fort Worth v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 372 (Tex. App.—Fort Worth 2001, no pet.). The Texas Tort Claims Act (TTCA) provides for a limited waiver of governmental immunity in specific

---

[5] We need not address Agent's contention that by contracting, DART waived its immunity under the "sue and be sued" language under chapter 452 of the transportation code. *See, e.g., Metro. Transit Auth. v. M.E.B., Eng'g, Inc.*, 201 S.W.3d 692, 692–93 (Tex. 2006) (applying similar provision to hold that there was no waiver); *Tooke*, 197 S.W.3d at 341–42.

circumstances, and the extent of the waiver of immunity is set out in section 101.021 of the TTCA.[6]  *Id.*

Agent's tort causes of action do not fall within the TTCA's limited waiver of immunity, so Agent can assert these claims against DART only if the legislature has expressly granted consent to sue.  *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).  Neither the record nor Agent's pleadings demonstrate that the legislature has given consent to suit on these claims.  *See id.* (stating that a party can establish consent by reference to a statute or to express legislative permission).  Therefore, the trial court lacks

---

[6]⊡ Section 101.021 provides that a governmental unit is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment;  and
>
> (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005).

10

subject matter jurisdiction over the tort claims. *See id.* Accordingly, we sustain DART's third issue.

## VII.  Conclusion

Having sustained DART's first and third issues and having overruled its second issue, we reverse and remand the judgment of the trial court for further proceedings consistent with this opinion.

BOB MCCOY
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

LIVINGSTON, J. concurs without opinion.

DELIVERED: November 20, 2008

11