COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                          NO.
02-08-156-CV

 

 

DALLAS AREA RAPID TRANSIT                                             APPELLANT

 

                                                      V.

 

AGENT SYSTEMS, INC.                                                           APPELLEE

 

                                                  ------------

 

             FROM
THE 236TH DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

I.  Introduction

Appellant Dallas Area Rapid
Transit (DART) appeals the denial of its plea to the jurisdiction, complaining
that the trial court did not have subject matter jurisdiction over claims
brought by Appellee Agent Systems, Inc. (Agent).  We reverse and remand.








II.  Factual and Procedural History

Agent had a contract with
DART and the Fort Worth Transportation Authority (the T) to supply fare boxes
for their public transportation vehicles. 
After a dispute arose between the parties, DART and the T terminated the
contract for default.  Litigation then
ensued between the parties over whether the termination was actually one for
convenience instead of for default.[2]

An administrative law judge
found that the termination was for convenience, but he also denied Agent any
additional payments under the contract. 
Agent filed suit, asserting claims for declaratory judgment, breach of
contract, breach of the implied covenant of cooperation, economic duress, and
breach of the duty of good faith and fair dealing.  DART filed a motion for summary judgment and
then a plea to the jurisdiction, both of which were denied.  The denial of the latter prompted this
interlocutory appeal by DART.  See
Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon 2008).

                                       III.  Standard of Review








We review de novo the denial
of a plea to the jurisdiction.  See
Tex. Dep=t of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 226
(Tex. 2004).  A plea to the jurisdiction
is a dilatory plea; its purpose is to defeat a cause of action without regard
to whether the claims asserted have merit. 
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000).  The purpose of a dilatory plea is
not to force the plaintiff to preview its case on the merits but to establish a
reason why the merits of the plaintiff=s claims should never be reached. 
Id.  Although the claims
may form the context in which a plea to the jurisdiction is raised, the plea
should be decided without delving into the case=s merits.  Id.  Accordingly, to determine whether
jurisdiction exists, we construe the pleadings liberally in favor of the
plaintiff and look to the pleader=s intent.  See Miranda,
133 S.W.3d at 226.

                                         IV.  Declaratory Relief

In its first issue, DART
argues that the trial court did not have subject matter jurisdiction over Agent=s claim for declaratory relief because attorney=s fees are not otherwise recoverable by Agent in its claim against a
governmental entity such as DART.








In its first amended
petition, Agent sought relief under the Uniform Declaratory Judgments Act
(UDJA), requesting Athat the
Court affirm the agencies=
determination that the attempted >termination for default= by Defendants was a >termination for convenience= and to further construe the agreement to determine the obligations of
Defendants under the termination for convenience.@[3]  Agent then also requested
attorney=s fees and costs under the UDJA. 
See Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 2008). 
Under the heading ABreach of
Contract,@ Agent
claimed that DART had not performed its obligations under the contract because
of its Afailure to pay funds due under the termination claims of Agent.@  A clear reading of Agent=s first amended petition reveals that Agent alleged that DART breached
the contract by denominating the termination as one of Adefault@ instead of Aconvenience@ and then by
failing to comply with the Aconvenience@ provisions.








It is axiomatic that attorney=s fees are recoverable only by statute or contract.  Holland v. Wal-Mart Stores, Inc., 1
S.W.3d 91, 95 (Tex. 1999).  The contract
in question does not allow for the recovery of attorney=s fees, and section 38.001 of the civil practice and remedies code,
the statutory vehicle for recovery of attorney=s fees for breach of contract, is inapplicable to DART.  See Tex. Civ. Prac. & Rem. Code Ann. ' 38.001 (Vernon 2008) (providing that a person may recover
attorney=s fees from Aan
individual or corporation@); Dallas
Area Rapid Transit v. Plummer, 841 S.W.2d 870, 875 (Tex. App.CDallas 1992, writ denied) (op. on reh=g) (stating that DART, as a governmental entity, is neither an
individual nor a corporation), abrogated on other grounds by Tex. Educ.
Agency v. Leeper, 893 S.W.2d 432 (Tex. 1995); see also City of Houston
v. Petroleum Traders Corp., 261 S.W.3d 350, 360 n.6 (Tex. App.CHouston [14th Dist.] 2008, no pet.) (applying same rule to
municipality).  Hence, Agent is not
entitled to attorney=s fees
unless it can find another horse to ride.








Agent attempts to mount the
UDJA.  See Tex. Civ. Prac. &
Rem. Code Ann. ' 37.009
(providing that a court may award reasonable and necessary attorney=s fees in a declaratory judgment proceeding).  However, a party may not use section 37.009
for the sole purpose of obtaining attorney=s fees.  City of Houston v.
Texan Land & Cattle Co., 138 S.W.3d 382, 392 (Tex. App.CHouston [14th Dist.] 2004, no pet.). 
More specifically, a party may not use a declaratory judgment action to
seek the same relief afforded under another of its causes of action in an
effort to obtain otherwise impermissible attorney=s fees.  Id.; see also
U.S. Bank, N.A. v. Prestige Ford Garland Ltd. P=ship, 170 S.W.3d 272, 278 (Tex.
App.CDallas 2005, no pet.) (stating that A[o]rdinarily declaratory relief will not be granted when the cause of
action has fully matured and invokes a present remedy at law@); Kenneth Leventhal & Co. v. Reeves, 978 S.W.2d 253, 258B59 (Tex. App.CHouston
[14th Dist.] 1998, no pet.) (stating that A[o]nce Reeves pleaded breach of contract, he had no need for
declaratory relief.  Under such
circumstance, a pleading for declaratory relief will not lie@).

Furthermore, a declaratory
plea may not be coupled to a damage action simply in order to pave the way to
recover attorney=s fees.  Cytogenix, Inc. v. Waldroff, 213
S.W.3d 479, 490 (Tex. App.CHouston [1st Dist.] 2006, pet. denied); Hartford Cas. Ins. v.
Budget Rent-A-Car, 796 S.W.2d 763, 772 (Tex. App.CDallas 1990, writ denied). 
Therefore, it is apparent that Agent=s declaratory judgment thoroughbred will not leave the starting gate,
as Agent=s only real purpose is to obtain damages that an already existing
breach of contract claim would entitle it to and to obtain attorney=s fees to which it is not otherwise entitled.  We sustain DART=s first issue.

                                    V.  Breach of Contract Claim

In its second issue, DART
asserts that the trial court lacked subject matter jurisdiction over Agent=s breach of contract claim. 
However, the parties= contract and Agent=s first amended petition dispel this argument.













In its first amended
petition, Agent asserted a claim under subchapter 271 of the local government
code when it stated that sections 271.151 and 271.152 of the local government
code provide a waiver of immunity with regard to its breach of contract
claim.  These sections, which apply
retroactively, waive a Alocal
governmental entity=s@ sovereign immunity to suit for contracts entered for goods and
servicesCAlocal governmental entity@ is the very status upon which DART rests its plea to the
jurisdiction.[4]  See Tex. Loc. Gov=t Code Ann. '' 271.151B.152 (Vernon 2005); Paula Constr., Inc. v. City of Lytle, 220
S.W.3d 16, 18B19 (Tex.
App.CSan Antonio 2006, no pet.) (op. on reh=g) (applying section 271.151 retroactively); see also Ben Bolt‑Palito
Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas.
Joint Self‑Ins. Fund, 212 S.W.3d 320, 328 (Tex. 2006) (applying
section 271.152=s statutory
waiver to insurance claim dispute).  It
is undisputed that the contract at issue here stated all essential terms,
involved the provision of goods or services, and was properly executed by DART.  See Tex. Loc. Gov=t Code Ann. ' 271.151.  Instead, DART argues that because the
contractual dispute resolution procedures do not conflict with subchapter 271,
its immunity is not waived.  In light of
the contract=s language,
however, this argument must fail.

In the parties= contract, section 13(b) of the Fort Worth Transportation Authority
General Terms and Conditions, titled AContract Disputes/Breaches/Damages,@ states 

[b]y submission of a bid,
proposal, offer, or quotation in response to this solicitation, the Contractor
or offeror agrees to exhaust its administrative remedies under Chapter 10 of
the Authority=s
Procurement Regulations or the Disputes Clause of any resulting contract prior
to seeking judicial relief of any type in connection with any matter
related to this solicitation, the award of any contract, and any dispute under
any resulting contract. [Emphasis added.]








DART points to Rule of
Practice 28 of the T=s
regulations under which the contract was formed, which states that A[s]ubject only to reconsideration under Rule 29, the decisions will be
final and not subject to review or modification by the Authority=s Executive Committee.@  However, the same rule goes on
to state that A[t]he
failure to file a motion for reconsideration shall not be an impediment to
either appellant or respondent seeking judicial review of an Administrative
Judge=s decision under the standard of review permitted by the Disputes
Clause.@

Because the contract in
question does not prohibit subsequent judicial relief, and because the contract
itself appears to fall under subchapter 271 of the local government code, we
need not address DART=s remaining
arguments under this issue.[5]  See Tex. R. App. P. 47.1.  We overrule DART=s second issue.

                                             VI.  Tort Claims

In its third issue, DART
asserts that the trial court did not have subject matter jurisdiction over
Agent=s tort claims.  DART is correct.








A governmental unit is immune
from tort liability unless the legislature has waived immunity.  City of Fort Worth v. Pastusek Indus.,
Inc., 48 S.W.3d 366, 372 (Tex. App._Fort
Worth 2001, no pet.).  The Texas Tort
Claims Act (TTCA) provides for a limited waiver of governmental immunity in
specific circumstances, and the extent of the waiver of immunity is set out in
section 101.021 of the TTCA.[6]  Id.








Agent=s tort causes of action do not fall within the TTCA=s limited waiver of immunity, so Agent can assert these claims against
DART only if the legislature has expressly granted consent to sue.  See Tex. Dep=t of Transp. v. Jones, 8 S.W.3d
636, 638 (Tex. 1999).  Neither the record
nor Agent=s pleadings
demonstrate that the legislature has given consent to suit on these
claims.  See id. (stating that a
party can establish consent by reference to a statute or to express legislative
permission).  Therefore, the trial court
lacks subject matter jurisdiction over the tort claims.  See id.  Accordingly, we sustain DART=s third issue.

                                             VII.  Conclusion

Having sustained DART=s first and third issues and having overruled its second issue, we
reverse and remand the judgment of the trial court for further proceedings
consistent with this opinion.

 

BOB MCCOY

JUSTICE

 

PANEL:
LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

 

LIVINGSTON,
J. concurs without opinion.

 

DELIVERED:
November 20, 2008











[1]See Tex.
R. App. P. 47.4.





[2]The parties= contract contains different
provisions that govern in the event of a termination for convenience or a
termination for default.  Under a
termination for convenience, the contractor must be paid its costs, including contract
close‑out costs, and profit on work performed up to the time of
termination.  Under a termination for
default, however, Agent would recover only the contract price for conforming
goods, materials, or supplies delivered and accepted or the actual value of
work completed or services performed up to the time of termination.





[3]A plaintiff=s amended petition supersedes the
original petition.  See Tex. R.
Civ. P. 65; see also FKM P=ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys., 255 S.W.3d 619, 633 (Tex. 2008)
(stating that A[o]ur rules provide that amended
pleadings and their contents take the place of prior pleadings@).





[4]Governmental immunity has two
components:  immunity from liability and
immunity from suit.  Tooke v. City of
Mexia, 197 S.W.3d 325, 332 (Tex. 2006). 
Immunity from suit bars suit against the entity altogether.  Id. 
When a governmental entity enters into a contract, that entity waives
immunity from liability and voluntarily binds itself, just as any other party
would, to the terms of the contract, but that entity does not thereby waive
immunity from suit.  Id. For there
to be a waiver of immunity from suit in the contract‑claim context, the
legislature must have waived immunity from suit as to the claim in question by clear
and unambiguous language.  See
Tex. Gov=t Code Ann. ' 311.034 (Vernon Supp. 2008)
(providing that a statute shall not be construed as a waiver of sovereign
immunity unless the waiver is effected by clear and unambiguous language); Tooke,
197 S.W.3d at 332B33 (requiring clear and unambiguous
language to waive governmental immunity). 
Section 271.152 of the local government code contains an express waiver
of immunity from suit for some contract claims. 
See Clear Lake City Water Auth. v. Friendswood Dev. Co., 256
S.W.3d 735, 746B47, 751 (Tex. App.CHouston [14th Dist.] 2008, pet.
filed) (holding that contract to provide services fell under subchapter 271).





[5]We need not address Agent=s contention that by contracting,
DART waived its immunity under the Asue and be sued@ language under chapter 452 of the transportation
code.  See, e.g., Metro. Transit Auth.
v. M.E.B., Eng=g, Inc., 201 S.W.3d 692, 692B93 (Tex. 2006) (applying similar
provision to hold that there was no waiver); Tooke, 197 S.W.3d at 341B42.





[6]Section 101.021 provides that a
governmental unit is liable for:

 

(1) property damage, personal
injury, and death proximately caused by the wrongful act or omission or the
negligence of an employee acting within his scope of employment if:

 

(A) the property damage, personal
injury, or death arises from the operation or use of a motor‑driven
vehicle or motor‑driven equipment; 
and

 

(B) the employee would be
personally liable to the claimant according to Texas law; and

 

(2) personal injury and death so
caused by a condition or use of tangible personal or real property if the
governmental unit would, were it a private person, be liable to the claimant
according to Texas law. 

 

Tex. Civ. Prac. & Rem. Code
Ann. ' 101.021 (Vernon 2005).