CITY OF HOUSTON, Petitioner,

v.

Kenneth S. JONES, Respondent.

No. 04–0879.

Supreme Court of Texas.

June 30, 2006.

---

Andrea Chan, Asst. City Atty., Thomas R. Rodriguez, L. Renee Lowe, Houston, Judith D. Sanchez, Thomas Hudson & Brustkern LLP, Austin, for petitioner.

Manuel Lopez, David A. Chaumette, Christy Martin Liddle, Shook, Hardy & Bacon L.L.P., Robert James Carty Jr., Seyfarth Shaw LLP, Houston, for respondent.

PER CURIAM.

Kenneth S. Jones sued the City of Houston on tort claims arising out of demolition work, settled those claims, then sued the City for breach of the settlement agreement. The trial court overruled the City's plea to the jurisdiction based on immunity from suit, and the City took an interlocutory appeal. The court of appeals affirmed, holding that the City's immunity from suit is waived by a provision in its charter authorizing it to "sue and be sued, ... contract and be contracted with, implead and be impleaded in all courts and places and in all matters whatever".[1] 2004 Tex.App. LEXIS 7493, 2004 WL 1847965, No. 01–03–00831–CV, at *3–4 (Tex.App.—Houston [1st Dist.] Aug. 19, 2004). The court of appeals did not reach Jones's argument that the City is not immune from suit on the settlement agreement under *Texas A & M University–Kingsville v. Lawson*, 87 S.W.3d 518 (Tex.2002). For the reasons explained today in *Tooke v. City of Mexia*, 197 S.W.3d 325, 2006 WL 1792223 (Tex.2006), we disagree that the City's charter contains a clear and unambiguous waiver of immunity from suit. We do not reach the question whether a municipality *may* waive immunity from suit; we hold only that the charter text is not such a waiver.

While this case has been pending on appeal, the Legislature has enacted sections 271.151–.160 of the Local Government Code, which waive immunity from suit for certain claims against local governmental entities, including municipalities. Sections 271.152–.154 "apply to a claim that arises under a contract executed before [September 1, 2005] ... if sovereign immunity has not been waived with respect to the claim" before that date. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. Jones should have the opportunity to argue in the trial court that the City's immunity from suit is waived by these provisions. The court should also consider whether the City lacks immunity under *Lawson*.

Accordingly, we grant the City's petition for review, and without hearing oral argument, TEX. R.APP.P. 59.1, we reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.

Justice WILLETT did not participate in this decision.

---

1. Act approved March 18, 1905, 29th Leg., R.S., ch. 17, art. II, sec. 1, 1905 Tex. Spec. Laws 131, 131.