CITY OF ARLINGTON, Petitioner,

v.

Charles H. MATTHEWS, Respondent.

No. 06–0251.

Supreme Court of Texas.

June 1, 2007.

Bryan P. Neal, Micah Randall Prude, Thompson & Knight LLP, Dallas TX, Frank Waite, City Attorney's Office, Denise V. Wilkerson, Arlington City Attorney's Office, Arlington TX, for Petitioner.

---

6. 197 S.W.3d 325, 342 (Tex.2006).

7. *Id.* at 344–45.

12. Tex.R.App. P. 59.1.

Donald D. Feare, Law Offices of Donald D. Feare, Arlington TX, for Respondent.

## PER CURIAM.

Respondent Charles Matthews sued the City of Arlington for breach of an employment separation agreement and intentional torts. The trial court denied the City's plea to the jurisdiction asserting governmental immunity. The court of appeals reversed as to Matthew's tort claims but affirmed as to Matthew's contract claims, holding that section 51.075 of the Texas Local Government Code waived the City's immunity from suit for those claims. 2006 WL 302333 (Tex.App.-Fort Worth 2006) (mem.op.). Only the City petitioned for review.

The court of appeals' holding on section 51.075 conflicts with our decision in *Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex. 2006), which issued after the City filed its petition for review. But as we explained in *Tooke*, while that case was pending on appeal (as was this one), the Legislature enacted sections 271.151-.160 of the Texas Local Government Code, waiving, with certain limitations, immunity from suit for contract claims against local governmental entities. *Tooke*, 197 S.W.3d at 344-45. The parties should have the opportunity to address these provisions, and any other arguments they may still have, in the trial court. *City of Houston v. Jones*, 197 S.W.3d 391, 392 (Tex.2006) (per curiam).

Accordingly, we grant the City's petition for review and without hearing oral argument, TEX. R. APP. P. 59. 1, reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.