**PRAIRIE VIEW A&M UNIVERSITY, Doris Price, and George Wright, Appellants**

v.

**Brian DICKENS, Appellee.**

**No. 14–06–00966–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 30, 2007.

Heidi Marshall Maher, Thomas John Turner, Austin, for appellants.

Stanford Scott Boyd, Houston, for appellee.

Panel consists of Justices ANDERSON, FOWLER, and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

A former employee sued a state university, its president, and vice-president alleging a variety of claims and seeking a money judgment as well as declaratory relief. The defendants asserted pleas to the jurisdiction, which the trial court granted in part and denied in part. The defendants have appealed the partial denial of their pleas. We affirm in part, reverse in part, and remand.

## I. Factual And Procedural Background

Appellee/plaintiff Brian Dickens was employed as Director of Student Activities and Leadership at Prairie View A & M University. After his employment was terminated, Dickens filed suit against Prairie View A & M University, Doris Price, and George Wright (collectively, the "Prairie View A & M Parties") alleging breach of contract, breach of implied contract, and violation of constitutional rights. Dickens sought monetary damages for his contract claims and constitutional claims as well as reasonable and necessary attorney's fees, prejudgment interest, and postjudgment interest. He also sought a declaration that (1) applicable provisions of the school's policies are unconstitutional for various reasons, (2) the Prairie View A & M Parties' decision to terminate Dickens is without any force and effect, and (3) Price and Wright failed to follow school policy and are not entitled to immunity. The Prairie View A & M Parties filed pleas to the jurisdiction alleging the trial court lacked jurisdiction over Dickens's claims. After an oral hearing, the trial court granted the pleas in part, denied the pleas in part,[1] and dismissed all of Dickens's claims for lack of subject-matter jurisdiction, except for the claims for breach of contract and Dickens's claims for declaratory relief.[2] The Prairie View A & M Parties have appealed the denial of their pleas to the jurisdiction.[3] Dickens did not file a timely notice of appeal as to the trial court's granting in part of the pleas to the jurisdiction. Accordingly, we address only those issues raised by the Prairie View A & M Parties.[4]

## II. Issues And Analysis

### A. Did the trial court err in denying the university's plea to the jurisdiction as to the contract claims?

In their first issue, the Prairie View A & M Parties contend that the trial court erred in denying their pleas to the jurisdiction on Dickens's claims for breach of contract. We first examine this issue as to Prairie View A & M, which is part of the Texas A & M University System and a

1. The Prairie View A & M Parties challenged the trial court's jurisdiction over the contract claims in their pleas. The trial court stated that it granted the pleas in part and that it did not dismiss the contract claims. Therefore, we conclude the trial court denied the pleas as to the contract claims, even though the trial court did not expressly say so in its order.

2. The trial court's order dismisses all claims except for breach-of-contract claims and "claims for equitable relief." Dickens's petition does not assert any claims for equitable relief; however, at various points in the record, Dickens referred to his request for declaratory relief as a request for reinstatement of his employment or as a request for equitable relief. Therefore, we conclude that the trial court excepted out the contract claims and the claims for declaratory relief.

3. The Prairie View A & M Parties included in their notice of appeal all the items required by the appellate rules, including the date of the order from which they appeal. *See* Tex.R.App. P. 25.1(d). Though their notice of appeal mentions some of the issues involved, it is sufficient to appeal all aspects of the trial court's denial of their pleas to the jurisdiction. *See Vazquez v. Vazquez*, No. 14–05–01257–CV, —— S.W.3d ——, ——, 2007 WL 1745324, at *1 (Tex.App.-Houston [14th Dist.] June 19, 2007, no pet.).

4. Dickens has attempted to bring a cross-appeal by means of cross-points in which Dickens seeks various relief beyond that which he received when the trial court denied, in part, the pleas to the jurisdiction. However, Dickens did not file a notice of cross-appeal. *See* Tex.R.App. P. 26.1. Thus, we lack jurisdiction to entertain Dickens's attempted cross-appeal. *Charette v. Fitzgerald*, 213 S.W.3d 505, 509 (Tex.App.-Houston [14th Dist.] 2006, no pet.) (concluding that untimely notice of cross-appeal deprived the court of jurisdiction to consider the cross-appeal).

state entity. *See* Tex. Educ.Code Ann. §§ 87.101, 87.102 (Vernon 2002); *Prairie View A & M Univ. v. Brooks,* 180 S.W.3d 694, 705, n. 10 (Tex.App.-Houston [14th Dist.] 2005, no pet.). Under the doctrine of sovereign immunity, a unit of state government, such as Prairie View A & M, is immune from suit and liability unless the state consents. *Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 542 (Tex. 2003). Immunity from suit defeats a court's subject-matter jurisdiction. *Id.* In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Id.*

■ The only waiver of sovereign immunity alleged by Dickens is section 271.152 of the Local Government Code. *See* Tex. Loc. Gov't Code Ann. § 271.152 (Vernon 2005). Therefore, we must review this statute to see if it constitutes a clear and unambiguous waiver of Prairie View A & M's sovereign immunity. *See Tooke v. City of Mexia,* 197 S.W.3d 325, 328–29 (Tex.2006). Under its unambiguous language, the waiver of sovereign immunity in this statute applies only to "a local governmental entity." Tex. Loc. Gov't Code Ann. § 271.152. A "unit of state government" is excluded from the definition of "a local governmental entity." *See id.* § 271.151 (Vernon 2005). Prairie View A & M is an "institution of higher education" under section 61.003 of the Education Code, and such institutions are included in the definition of a "unit of state government," and thus are not "local government entities." *See* Tex. Educ.Code Ann. § 61.003 (Vernon 2006) (defining "institution of higher education" to include public universities and public state colleges); Tex. Gov't Code Ann. § 2260.001 (Vernon 2000) (defining "unit of state government" to include an "institution of higher education" as defined by section 61.003 of the Education Code);

Tex. Loc. Gov't Code Ann. § 271.151 (excluding a "unit of state government" from the definition of "a local governmental entity" as used in section 271.152 of the Local Government Code). Under the unambiguous language of the relevant statutes, Prairie View A & M is not a "a local governmental entity" covered by section 271.152 of the Local Government Code. Therefore, as a matter of law, the legislature cannot have waived sovereign immunity as to Prairie View A & M by enacting this statute. Because the only alleged waiver of sovereign immunity as to Prairie View A & M does not waive sovereign immunity as to Prairie View A & M, the trial court erred in denying the university's plea to the jurisdiction as to Dickens's contract claims. *See Tooke,* 197 S.W.3d at 341–46; *Whitley,* 104 S.W.3d at 542; *Prairie View A & M Univ.,* 180 S.W.3d at 705, 711. Accordingly, we sustain Prairie View A & M's first issue.

**B. Did the trial court err in denying the university president's and vice-president's pleas to the jurisdiction as to the contract claims?**

In their first issue, Price and Wright also contend that the trial court erred in denying their pleas to the jurisdiction on Dickens's claims for breach of contract. The Texas Supreme Court recently held that we have interlocutory appellate jurisdiction under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code over interlocutory appeals by state officials seeking review of the trial court's denial of their jurisdictional pleas. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2006); *Texas A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 846 (Tex. 2007). Therefore, we have appellate jurisdiction.

However, Dickens has sued these employees of Prairie View A & M both in

their official capacities and in their individual capacities. As to Dickens's contract claims against these parties in their official capacities, Price and Wright are entitled to dismissal based on sovereign immunity for the same reasons stated above as to Prairie View A & M. *See id.* at 843; *Univ. of Tex. Med. Branch at Galveston v. Hohman,* 6 S.W.3d 767, 775–77 (Tex.App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.). Therefore, we sustain the first issue as to the contract claims against Price and Wright in their official capacities.

As to the claims against Price and Wright in their individual capacities, these defendants might seek to obtain a summary judgment based on official immunity or on some other basis; however, they cannot obtain a dismissal for lack of subject-matter jurisdiction based on sovereign immunity.[5] *See Koseoglu,* 233 S.W.3d at 843. Therefore, the trial court did not err in denying the pleas to the jurisdiction as to the contract claims against Price and Wright in their individual capacities.

## C. Did the trial court err in denying the pleas to the jurisdiction as to the request for declaratory relief?

In their second issue, the Prairie View A & M Parties contend that the trial court erred in denying their pleas to the jurisdiction as to Dickens's request for a declaratory relief. In their appellate brief, the Prairie View A & M Parties correctly state that they did not assert in their pleas to the jurisdiction that the trial court lacked subject-matter jurisdiction over

Dickens's request for declaratory relief. Nonetheless, the Prairie View A & M Parties claim that this court still has appellate jurisdiction because of the rule that lack of subject-matter jurisdiction can be raised for the first time on appeal. However, interlocutory orders are not appealable unless explicitly made so by statute. *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex. 1998). The Prairie View A & M Parties overlook the narrow scope of this court's jurisdiction over interlocutory appeals. Even if a trial court signs an interlocutory order that is void for lack of subject-matter jurisdiction, this court still has no jurisdiction to entertain an interlocutory appeal from that order absent statutory authority. *See Young v. Villegas,* 231 S.W.3d 1, 6 (Tex.App.-Houston [14th Dist.] 2007, pet. filed); *Fenno v. Sam Reece Air Cond. & Heating, Inc.,* 572 S.W.2d 810, 811 (Tex. Civ.App.-Houston [14th Dist.] 1978, no writ). In this appeal, we can review only the trial court's partial denial of the Prairie View A & M Parties' pleas to the jurisdiction. In these pleas, the parties did not assert that the trial court lacked subject-matter jurisdiction over Dickens's request for a declaratory relief. Therefore, the trial court did not deny such a plea, and this court lacks appellate jurisdiction to consider this issue.[6] *See Young,* 231 S.W.3d at 6; *Fenno,* 572 S.W.2d at 811.

## III. CONCLUSION

We affirm the part of the trial court's order denying the pleas to the jurisdiction as to the contract claims against Price and Wright in their individual capacities. Un-

---

5. In reviewing the trial court's denial of the pleas to the jurisdiction, we do not consider the merits of Dickens's claims. *See County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex. 2002). Therefore, we presume for the purposes of the jurisdictional analysis that Price and Wright may be held liable under Dick-

ens's contract claims, and we consider only whether sovereign immunity deprives the trial court of subject-matter jurisdiction over these claims.

6. We express no opinion regarding the merits of the second issue.

der the doctrine of sovereign immunity, the trial court lacks subject-matter jurisdiction over Dickens's contract claims (for both breach of express contract and breach of implied contract) against Prairie View A & M and against Price and Wright in their official capacities. Therefore, we reverse the part of the order denying the pleas to the jurisdiction as to these claims, and we remand this case to the trial court with instructions to dismiss these claims for lack of subject-matter jurisdiction and for further proceedings in accordance with this opinion.