GALVESTON INDEPENDENT
SCHOOL DISTRICT,
Petitioner,

v.

Brent JACO, Respondent.

No. 09–0195.

Supreme Court of Texas.

Feb. 12, 2010.

Kevin D. Jewell, William S. Helfand, Barbara E. Roberts, Chamberlain, Hrdlicka, White, Williams & Martin, Clay T. Grover and Paul Andrew Lamp, Feldman Rogers Morris & Glover, LLP, Houston, TX, for Petitioner.

Syd Phillips, Houston, TX, for Respondent.

PER CURIAM.

Brent Jaco sued the Galveston Independent School District under the Texas Whistleblower Act, alleging that he was demoted from his position as Director of Athletics and Extracurricular Activities for reporting a Ball High School football player's violations of the University Interscholastic League's eligibility rules to UIL officials. In a plea to the jurisdiction, the District asserted that Jaco's claims were barred by governmental immunity and the trial court lacked subject matter jurisdiction because Jaco failed to make a good-faith report of a violation of law to an appropriate law-enforcement authority, as required by the Texas Whistleblower Act. *See* Tex. Gov't Code § 554.002(a). The trial court denied the plea to the jurisdiction and the District appealed. *See* Tex. Civ. Prac. & Rem.Code § 51.014(a)(8) (permitting appeal from an interlocutory order that denies a plea to the jurisdiction by a governmental unit). The court of appeals affirmed, holding that the elements of section 554.002(a) of the Government Code are not jurisdictional. 278 S.W.3d 477, 482–83 (Tex.App.-Houston [14th Dist.] 2009). However, in *State v. Lueck,* 290 S.W.3d 876, 883 (Tex.2009), we held that "the elements of section 554.002(a) can be considered to determine both jurisdiction

and liability." Accordingly, whether the reporting of a violation of UIL rules and regulations to the UIL is a good-faith report of a violation of law to an appropriate law-enforcement authority is a jurisdictional question. Therefore, without hearing oral argument, TEX.R.APP. P. 59.1, and for the reasons explained in *Lueck,* we reverse and remand to the court of appeals to determine whether, under the analysis set forth in *Lueck,* Jaco has alleged a violation under the Whistleblower Act. *See* TEX. GOV'T CODE § 554.002(a).

Justice GUZMAN did not participate in the decision.