The CITY OF HOUSTON, Appellant,

v.

The ESTATE OF Kenneth Samuel JONES, Deceased, Appellee.

No. 14–09–00812–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 3, 2010.

Jaqueline I. Leguizamon, Bertrand L. Pourteau, II, Houston, for appellant.

Christy Lynn Martin, Nicholas N. Deutsch, Houston, for appellee.

Panel consists of Justices YATES, SEYMORE, and BROWN.

## OPINION

LESLIE B. YATES, Justice.

In June 2000, Kenneth Samuel Jones, now deceased, brought tort claims in county civil court at law against appellant the City of Houston after his neighbor, working pursuant to a City-issued demolition permit, damaged his home, rendering it uninhabitable. In December 2002, after receiving notice that the case was set for dismissal, the parties filed an agreed motion for continuance. In the motion, the parties stated that they had "conducted negotiations which lead to an amicable resolution of this case." Although an actual settlement agreement is not in the record and the motion for continuance does not contain all the settlement details, the settlement involved an agreement to help include Jones in the City's federally approved home repair program. The parties jointly requested a continuance because all the program's resources were being used to help victims of Tropical Storm Allison and the parties did not know when program resources would be allocated to assist Jones. The home repair program was discontinued before Jones received any assistance. Jones then amended his petition to assert a claim for breach of the settlement agreement. Both sides moved for summary judgment, and the City also filed a plea to the jurisdiction, alleging it was immune from suit for breach of contract. The trial court denied the plea relative to enforcement of the settlement agreement. The City appealed, and the First Court of Appeals affirmed, holding that the "sue and be sued" language in the City's charter waived immunity. *See City of Houston v. Jones,* No. 01–03–00831–CV, 2004 WL 1847965, at *3 (Tex.App.-Houston [1st Dist.] Aug. 19, 2004), *rev'd,* 197 S.W.3d 391

(Tex.2006). The Texas Supreme Court reversed, rejecting the claim of immunity waiver based on the City's charter, and remanded with instructions for the trial court to determine if the City otherwise waived immunity, specifically under Local Government Code section 271.152 (Vernon 2005) (providing waiver of immunity from suit for claims against local governmental entities for certain types of contracts) or *Texas A & M University–Kingsville v. Lawson*, 87 S.W.3d 518, 522–23 (Tex.2002) (finding waiver of immunity in that case based on entering into a settlement agreement). *See City of Houston v. Jones*, 197 S.W.3d 391, 392 (Tex.2006).

On remand, the City filed another plea to the jurisdiction in August 2006. Jones opposed the plea and set his previously filed summary judgment motion for submission. On May 24, 2007, the trial court granted partial summary judgment on Jones's contract claim, thus implicitly denying the City's plea to the jurisdiction. *See Thomas v. Long*, 207 S.W.3d 334, 339–40 (Tex.2006). The City did not file an interlocutory appeal from the denial of this 2006 plea. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon 2008) (authorizing interlocutory appeals from orders granting or denying plea to the jurisdiction of governmental units).

Jones died, and the case was then transferred to probate court. The City filed a motion for summary judgment and, in the alternative, plea to the jurisdiction, in August 2009. The trial court construed the 2009 plea as a motion to reconsider the May 24, 2007 ruling in which the trial court implicitly denied the City's 2006 plea and denied the City's motion. The City has now filed an interlocutory appeal of this order.

Jones filed a motion in this court to dismiss the City's appeal, arguing that the 2009 plea to the jurisdiction is substantially identical to the 2006 plea and that we have no interlocutory jurisdiction over the denial of a motion to reconsider. We agree in part. In the 2006 plea, the City discussed the reasons it had not waived its immunity under rule 11 of the Texas Rules of Civil Procedure, by breaching a settlement agreement under *Lawson*, or under section 271.152. In the 2009 plea, the City again raised rule 11, *Lawson*, and section 271.152. Its arguments regarding rule 11 and *Lawson* were substantively identical, but the City urged a new ground arguing that section 271.152 does not apply because that the contract does not "stat[e] the essential terms of the agreement for providing goods and services to the local government entity." TEX. LOC. GOV'T CODE ANN. § 271.151(2) (Vernon 2005).

■ We do not have interlocutory jurisdiction to consider the issues raised in the 2006 plea that were re-urged in the 2009 plea. The portion of the 2009 plea repeating the issues in the 2006 plea was in effect a motion to reconsider those issues, and we do not have interlocutory jurisdiction over an order denying a motion to reconsider. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon 2008); *Digges v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Denton County v. Huther*, 43 S.W.3d 665, 666–67 (Tex.App.-Fort Worth 2001, no pet.); *see also Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex.1998) (holding we are to strictly construe statutes allowing interlocutory appeals). The City had an opportunity to bring an interlocutory appeal of the denial of its 2006 plea, but it chose not to, and it is too late to do so now. *See* TEX.R.APP. P. 26.1(b); *Dayco Prods., Inc. v. Ebrahim*, 10 S.W.3d 80, 83 (Tex. App.-Tyler 1999, no pet.) (holding that a motion to reconsider does not extend the appellate deadline for perfecting an interlocutory appeal). Therefore, we do not have jurisdiction to consider those issues

in this interlocutory appeal.[1] *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014; *State v. Ruiz Wholesale Co.*, 901 S.W.2d 772, 775 (Tex.App.-Austin 1995, no writ) (holding that "[a]n interlocutory order that is not timely appealed is not reviewable by this court" on appeal of a subsequent interlocutory order).

■ However, we do have jurisdiction to consider the new ground argued in the 2009 plea because it is a separate and distinct ground. Therefore, we grant the motion to dismiss in part as to the grounds raised in the 2006 plea and deny it as to the new ground under section 271.152 raised in the 2009 plea.[2] *See Tex. Dep't of Crim. Justice v. Avellaneda*, No. 11–05–00414–CV, 2006 WL 1172253, at *2–3 (Tex. App.-Eastland 2006, no pet.) (mem. op.) (dismissing for lack of jurisdiction only the portion of second interlocutory appeal that was identical to first interlocutory order that could have been appealed but was not); *Montgomery County v. Fuqua*, 22 S.W.3d 662, 668–69 (Tex.App.-Beaumont 2000, pet. denied) (finding no jurisdiction to consider portion of city's interlocutory appeal concerning limitations); *see also Kaplan v. Tiffany Dev. Corp.*, 69 S.W.3d 212, 217 (Tex.App.-Corpus Christi 2001, no pet.) ("When a party appeals from two interlocutory orders, only one of which is made appealable by statute, the proper course of action is to dismiss that portion which is non-appealable, and to rule on the portion from which an appeal may be taken.").

■ In its sole issue on appeal, the City asserts that the trial court erred in deny-

ing its plea to the jurisdiction. Even though we have jurisdiction to consider the new ground under section 271.152 in the City's 2009 plea, we reject it as a basis for reversing the trial court's denial of the City's plea to the jurisdiction. To prevail on its plea, the City must not have waived its immunity. We have jurisdiction to consider only one basis for whether the City has waived its immunity, but we do not have jurisdiction to consider the other grounds of immunity waiver argued in the 2006 plea. Therefore, even if the City is correct that it has not waived immunity under section 271.152, the City has not demonstrated on appeal that it is entitled to have its plea to the jurisdiction granted because the other bases of waiver, which are not properly before us, provide sufficient support for the trial court's order. We overrule the City's issue.

We dismiss for lack of jurisdiction all of the City's appeal except for the portion regarding the new ground related to immunity waiver under section 271.251 (i.e., the "essential terms of the agreement for providing goods and services to the local government entity" argument). We overrule the City's issue and affirm the trial court's order denying the City's plea to the jurisdiction.

SEYMORE, J., dissenting.

CHARLES W. SEYMORE, Justice, dissenting.

The Texas Supreme Court reviewed a previous interlocutory appeal pertaining to the trial court's jurisdiction in this case

---

1. We note that our decision expresses no opinion on the merits of the City's arguments and has no impact on its ability to assert these arguments on direct appeal in the appropriate circumstances.

2. Because this case involves an interlocutory appeal from a trial court's ruling on the actual issues raised in the appeal, it is distinguish-

able from other cases holding that new jurisdictional arguments may be made for the first time on appeal of the denial of a plea to the jurisdiction. *See Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex.2000); *Tex. Dep't of Transp. v. Olivares*, No. 14–09–00211–CV, 316 S.W.3d 89, 94–95 n. 2 (Tex.App.-Houston [14th Dist.] 2010, no pet. h.).

and concluded that the "sue and be sued" provisions of the City charter did not constitute waiver of immunity from the instant suit. *See City of Houston v. Jones,* 197 S.W.3d 391, 392 (Tex.2006). This was the City's first interlocutory appeal from the denial of a plea to the trial court's jurisdiction. The supreme court remanded with instructions for the trial court to give Jones an opportunity to plead and argue waiver of immunity under the authority of *Texas A & M University–Kingsville v. Lawson,* 87 S.W.3d 518 (Tex.2002), and recently enacted sections 271.152–154 of the Local Government Code. *Id.* Relative to jurisprudential concern for economy and expediency, subject-matter jurisdiction is the pressing issue.

Subsequent to the supreme court's remand, the trial court signed an order granting partial summary judgment in favor of Jones on May 24, 2007. The City's second plea to the trial court's jurisdiction was pending when the trial court signed the partial summary-judgment order. Apparently, the City concedes that the effect of the order was a denial of its 2007 jurisdictional plea. However, the City contends the entirety of the plea to the trial court's jurisdiction it filed in 2009 is subject to appellate review under section 51.014(a)(8) of the Civil Practices and Remedies Code, even if a portion is "construed as a motion to reconsider" its 2007 jurisdictional plea. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon 2008). The majority disagrees and concludes that the City lost the opportunity to pursue an interlocutory appeal of immunity issues raised in its 2007 jurisdictional plea by failing to pursue appellate relief timely. *See* Tex.R.App. P. 26.01(b).

I am concerned that the majority's interpretation and application of procedural rules conflicts with a long line of appellate authority that subject-matter jurisdiction may be raised at any time whether the case is pending in a trial court, this court, or the supreme court. *See, e.g., Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser,* 140 S.W.3d 351, 358 (Tex.2004) ("Not only *may* an issue of subject matter jurisdiction 'be raised for the first time on appeal by the parties or by the court', a court is *obliged* to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it." (footnote omitted)), *superseded by statute on other grounds,* Tex. Gov't Code Ann. § 311.034 (Vernon 2005); *Waco Indep. Sch. Dist. v. Gibson,* 22 S.W.3d 849, 851 (Tex.2000) (expressing in an interlocutory appeal that "subject matter jurisdiction is essential to the authority of a court to decide a case, it cannot be waived and may be raised for the first time on appeal"); *Tex. Assoc. of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 445 (Tex.1993) ("Subject matter jurisdiction is an issue that may be raised for the first time on appeal; it may not be waived by the parties."); *Tex. Employment Comm'n v. Int'l Union of Elec., Radio and Mach. Workers, Local Union No. 782, AFL–CIO,* 163 Tex. 135, 137, 352 S.W.2d 252, 253 (1962) ("Lack of jurisdiction in the district court would be fundamental error and a plea to such effect is subject to review although first presented on appeal."); *Wagner v. Warnasch,* 156 Tex. 334, 339, 295 S.W.2d 890, 893 (1956) ("We fully recognize that the authority of the Court of Civil Appeals and of this court to take notice of unassigned errors is very much limited in its scope, but there can be no question of the authority of either of the courts to reverse a case for fundamental error, if that error is one of jurisdiction. Not to do so would be to permit the parties to confer jurisdiction on the court.").

For the following reasons, I would hold that this court should not refuse to address jurisdictional questions based on technical defects. First, section 51.014(a) of the

Civil Practice and Remedies Code provides for an interlocutory appeal from an order of a court that "denies a plea to the jurisdiction" by the City. However, there is no language in the statute proscribing appeals from denials of pleas if the same or similar relief was previously requested, denied, and no timely appeal ensued. Consequently, section 51.014(a) and Appellate Rule of Procedure 26.01(b) should not be interpreted or applied in derogation of the fundamental substantive rule of law that a court's subject-matter jurisdiction may be questioned at any time, whether by a party or the court *sua sponte.*

Second, the Texas Supreme Court has held that "[i]f the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise, the Legislature has provided that an interlocutory appeal may be brought." *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex.2004). The majority correctly acknowledges that this court has jurisdiction over a portion of the trial court's 2009 ruling. I submit that having acquired jurisdiction, this court should address all jurisdictional arguments. *See Waco Indep. Sch. Dist. v. Gibson,* 22 S.W.3d 849, 850–51 (Tex.2000); *Tex. Dep't of Transp. v. Olivares,* 316 S.W.3d 89, 95 (Tex.App.-Houston [14th Dist.] 2010, no pet. h.) (stating that "[a]n appellate court must consider challenges to the trial court's subject-matter jurisdiction on interlocutory appeal, regardless of whether such challenges were presented to or determined by the trial court").

Third, in *Brenham Housing Authority v. Davies,* 158 S.W.3d 53, 61 (Tex.App.-Houston [14th Dist.] 2005, no pet.), this court concluded that under section 51.014(a)(8), an appellate court must confine its review on interlocutory appeal to claims addressed in the plea previously considered by the trial court. *See also* *Galveston Indep. Sch. Dist. v. Jaco,* 278 S.W.3d 477, 479 n. 2 (Tex.App.-Houston [14th Dist.] 2009), *rev'd on other grounds,* 303 S.W.3d 699 (Tex.2010) (per curiam); *State v. Clear Channel Outdoor, Inc.,* No. 14–07–00369–CV, 2008 WL 2986392, at *3 (Tex.App.-Houston [14th Dist.] July 31, 2008, no pet.) (mem. op.); *Clear Lake City Water Auth. v. Friendswood Dev. Co.,* 256 S.W.3d 735, 747 n. 14 (Tex.App.-Houston [14th Dist.] 2008, pet. dism'd); *Prairie View A & M Univ. v. Dickens,* 243 S.W.3d 732, 736 (Tex.App.-Houston [14th Dist.] 2007, no pet.). However, in *Olivares,* this court concluded it was not bound by the above panel decisions because the Texas Supreme Court in *Gibson* concluded that an appellate court must consider challenges to subject-matter jurisdiction on interlocutory appeal, regardless of whether such challenges were presented to or determined by the trial court. 316 S.W.3d at 94–95 & n. 2. I would submit the postulate that the supreme court's analysis in *Gibson* covers the factual scenario in this case. Courts should not interpret or apply procedural rules to obstruct anyone, at any time, from interposing a fundamental legal question: does the court *presently* have subject-matter jurisdiction?

I acknowledge that the majority has limited its disposition of a party's right to seek appellate review of jurisdictional issues to the unique facts of this case. However, with due consideration for the settled jurisprudence described above, I am hesitant to strictly apply any procedural rule in a manner that impairs or prohibits any party or court from asserting, at any time, that the court does not have subject-matter jurisdiction. Moreover, relative to interlocutory appeals authorized under section 51.014(a), judicial economy should be a strong consideration when the court is presented with persuasive argument and authority supporting the contention that the

674

trial court does not have subject-matter jurisdiction.

Accordingly, I respectfully dissent.