Dismissed in Part, Affirmed in Part, and Majority and Dissenting Opinions filed August
3, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00812-CV



The City of
Houston, Appellant 

v.

The Estate of
Kenneth Samuel Jones, Deceased, Appellee 



On Appeal from
the Probate Court No. 2

Harris County, Texas

Trial Court
Cause No. 378,490-401



 

MAJORITY OPINION

In June 2000, Kenneth Samuel Jones, now deceased, brought
tort claims in county civil court at law against appellant the City of Houston after
his neighbor, working pursuant to a City-issued demolition permit, damaged his
home, rendering it uninhabitable.  In December 2002, after receiving notice
that the case was set for dismissal, the parties filed an agreed motion for
continuance.  In the motion, the parties stated that they had “conducted
negotiations which lead to an amicable resolution of this case.”  Although an
actual settlement agreement is not in the record and the motion for continuance
does not contain all the settlement details, the settlement involved an
agreement to help include Jones in the City’s federally approved home repair
program.  The parties jointly requested a continuance because all the program’s
resources were being used to help victims of Tropical Storm Allison and the parties
did not know when program resources would be allocated to assist Jones.  The
home repair program was discontinued before Jones received any assistance.  Jones
then amended his petition to assert a claim for breach of the settlement
agreement.  Both sides moved for summary judgment, and the City also filed a
plea to the jurisdiction, alleging it was immune from suit for breach of
contract.  The trial court denied the plea relative to enforcement of the
settlement agreement.  The City appealed, and the First Court of Appeals
affirmed, holding that the “sue and be sued” language in the City’s charter
waived immunity.  See City of Houston v. Jones, No. 01-03-00831-CV, 2004
WL 1847965, at *3 (Tex. App.—Houston [1st Dist.] Aug. 19, 2004), rev’d, 197
S.W.3d 391 (Tex. 2006).  The Texas Supreme Court reversed, rejecting the claim
of immunity waiver based on the City’s charter, and remanded with instructions
for the trial court to determine if the City otherwise waived immunity, specifically
under Local Government Code section 271.152 (Vernon 2005) (providing waiver of
immunity from suit for claims against local governmental entities for certain
types of contracts) or Texas A&M University-Kingsville v. Lawson, 87
S.W.3d 518, 522–23 (Tex. 2002) (finding waiver of immunity in that case based
on entering into a settlement agreement).  See City of Houston v. Jones,
197 S.W.3d 391, 392 (Tex. 2006).

On remand, the City filed another plea to the
jurisdiction in August 2006.  Jones opposed the plea and set his previously filed
summary judgment motion for submission.  On May 24, 2007, the trial court
granted partial summary judgment on Jones’s contract claim, thus implicitly
denying the City’s plea to the jurisdiction.  See Thomas v. Long, 207
S.W.3d 334, 339–40 (Tex. 2006).  The City did not file an interlocutory appeal
from the denial of this 2006 plea.  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon
2008) (authorizing interlocutory appeals from orders granting or denying plea
to the jurisdiction of governmental units).

Jones died, and the case was then transferred to
probate court.  The City filed a motion for summary judgment and, in the
alternative, plea to the jurisdiction, in August 2009.  The trial court
construed the 2009 plea as a motion to reconsider the May 24, 2007 ruling in
which the trial court implicitly denied the City’s 2006 plea and denied the
City’s motion.  The City has now filed an interlocutory appeal of this order.

Jones filed a motion in this court to dismiss the
City’s appeal, arguing that the 2009 plea to the jurisdiction is substantially
identical to the 2006 plea and that we have no interlocutory jurisdiction over
the denial of a motion to reconsider.  We agree in part.  In the 2006 plea, the
City discussed the reasons it had not waived its immunity under rule 11 of the
Texas Rules of Civil Procedure, by breaching a settlement agreement under Lawson,
or under section 271.152.  In the 2009 plea, the City again raised rule 11, Lawson,
and section 271.152.  Its arguments regarding rule 11 and Lawson were
substantively identical, but the City urged a new ground arguing that section
271.152 does not apply because that the contract does not “stat[e] the
essential terms of the agreement for providing goods and services to the local
government entity.”  Tex. Loc. Gov’t
Code Ann. § 271.151(2) (Vernon 2005).

We do not have interlocutory jurisdiction to consider
the issues raised in the 2006 plea that were re-urged in the 2009 plea.  The
portion of the 2009 plea repeating the issues in the 2006 plea was in effect a
motion to reconsider those issues, and we do not have interlocutory
jurisdiction over an order denying a motion to reconsider.  See Tex. Civ. Prac. & Rem. Code Ann. §
51.014 (Vernon 2008); Digges v. Knowledge Alliance, Inc., 176 S.W.3d 463,
464 (Tex. App.—Houston [1st Dist.] 2004, no pet.); Denton County v. Huther,
43 S.W.3d 665, 666–67 (Tex. App.—Fort Worth 2001, no pet.); see also Stary
v. DeBord, 967 S.W.2d 352, 352–53 (Tex. 1998) (holding we are to strictly
construe statutes allowing interlocutory appeals).  The City had an opportunity
to bring an interlocutory appeal of the denial of its 2006 plea, but it chose
not to, and it is too late to do so now.  See Tex. R. App. P. 26.1(b); Dayco Prods., Inc. v. Ebrahim,
10 S.W.3d 80, 83 (Tex. App.—Tyler 1999, no pet.) (holding that a motion to
reconsider does not extend the appellate deadline for perfecting an
interlocutory appeal).  Therefore, we do not have jurisdiction to consider
those issues in this interlocutory appeal.[1] 
See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014; State v. Ruiz Wholesale Co., 901 S.W.2d 772,
775 (Tex. App.—Austin 1995, no writ) (holding that “[a]n interlocutory order
that is not timely appealed is not reviewable by this court” on appeal of a
subsequent interlocutory order).

However, we do have jurisdiction to consider the new
ground argued in the 2009 plea because it is a separate and distinct ground.  Therefore,
we grant the motion to dismiss in part as to the grounds raised in the 2006
plea and deny it as to the new ground under section 271.152 raised in the 2009
plea.[2] 
See Tex. Dep’t of Crim. Justice v. Avellaneda, No. 11-05-00414-CV, 2006
WL 1172253, at *2–3 (Tex. App.—Eastland 2006, no pet.) (mem. op.) (dismissing
for lack of jurisdiction only the portion of second interlocutory appeal that was
identical to first interlocutory order that could have been appealed but was
not); Montgomery County v. Fuqua, 22 S.W.3d 662, 668–69 (Tex.
App.—Beaumont 2000, pet. denied) (finding no jurisdiction to consider portion
of city’s interlocutory appeal concerning limitations); see also Kaplan v.
Tiffany Dev. Corp., 69 S.W.3d 212, 217 (Tex. App.—Corpus Christi 2001, no
pet.) (“When a party appeals from two interlocutory orders, only one of which
is made appealable by statute, the proper course of action is to dismiss that
portion which is non-appealable, and to rule on the portion from which an appeal
may be taken.”).

In its sole issue on appeal, the City asserts that
the trial court erred in denying its plea to the jurisdiction.  Even though we
have jurisdiction to consider the new ground under section 271.152 in the City’s
2009 plea, we reject it as a basis for reversing the trial court’s denial of
the City’s plea to the jurisdiction.  To prevail on its plea, the City must not
have waived its immunity.  We have jurisdiction to consider only one basis for
whether the City has waived its immunity, but we do not have jurisdiction to consider
the other grounds of immunity waiver argued in the 2006 plea.  Therefore, even
if the City is correct that it has not waived immunity under section 271.152,
the City has not demonstrated on appeal that it is entitled to have its plea to
the jurisdiction granted because the other bases of waiver, which are not properly
before us, provide sufficient support for the trial court’s order.  We overrule
the City’s issue.

We dismiss for lack of jurisdiction all of the City’s
appeal except for the portion regarding the new ground related to immunity
waiver under section 271.251 (i.e., the “essential terms of the agreement for
providing goods and services to the local government entity” argument).  We
overrule the City’s issue and affirm the trial court’s order denying the City’s
plea to the jurisdiction.

 

 








                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Seymore,
and Brown (Seymore, J., dissenting).

 









[1]
We note that our decision expresses no opinion on the merits of the City’s
arguments and has no impact on its ability to assert these arguments on direct
appeal in the appropriate circumstances.





[2]
Because this case involves an interlocutory appeal from a trial court’s ruling
on the actual issues raised in the appeal, it is distinguishable from other
cases holding that new jurisdictional arguments may be made for the first time
on appeal of the denial of a plea to the jurisdiction.  See Waco Indep. Sch.
Dist. v. Gibson, 22 S.W.3d 849, 851 (Tex. 2000); Tex. Dep’t of Transp.
v. Olivares, No. 14-09-00211-CV, ___ S.W.3d ___, 2010 WL 2361421, at *1
& n.2 (Tex. App.—Houston [14th Dist.] June 14, 2010, no pet. h.).