Dismissed in Part, Affirmed in Part, and Majority and
Dissenting Opinions filed August 3, 2010.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00812-CV



 

The City of Houston, Appellant

V.

The Estate of Kenneth Samuel
Jones, Deceased, Appellee

 



On Appeal from the Probate Court
No. 2

Harris County, Texas

Trial Court Cause No. 378,490-401



 

DISSENTING OPINION

           The Texas
Supreme Court reviewed a previous interlocutory appeal pertaining to the trial
court’s jurisdiction in this case and concluded that the “sue and be sued”
provisions of the City charter did not constitute waiver of immunity from the
instant suit.  See City of Houston v. Jones, 197 S.W.3d 391, 392 (Tex.
2006).  This was the City’s first interlocutory appeal from the denial of a
plea to the trial court’s jurisdiction.  The supreme court remanded with
instructions for the trial court to give Jones an opportunity to plead and argue
waiver of immunity under the authority of Texas A & M
University-Kingsville v. Lawson, 87 S.W.3d 518 (Tex. 2002), and recently
enacted sections 271.152–.154 of the Local Government Code.  Id.  Relative
to jurisprudential concern for economy and expediency, subject-matter
jurisdiction is the pressing issue.

           Subsequent to the
supreme court’s remand, the trial court signed an order granting partial
summary judgment in favor of Jones on May 24, 2007.  The City’s second plea to
the trial court’s jurisdiction was pending when the trial court signed the
partial summary-judgment order.  Apparently, the City concedes that the effect
of the order was a denial of its 2007 jurisdictional plea.  However, the City
contends the entirety of the plea to the trial court’s jurisdiction it filed in
2009 is subject to appellate review under section 51.014(a)(8) of the Civil Practices
and Remedies Code, even if a portion is “construed as a motion to reconsider”
its 2007 jurisdictional plea.  See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8) (Vernon 2008).  The majority disagrees and concludes that the City
lost the opportunity to pursue an interlocutory appeal of immunity issues raised
in its 2007 jurisdictional plea by failing to pursue appellate relief timely.  See
Tex. R. App. P. 26.01(b).  

           I am concerned
that the majority’s interpretation and application of procedural rules conflicts
with a long line of appellate authority that subject-matter jurisdiction may be
raised at any time whether the case is pending in a trial court, this court, or
the supreme court.  See, e.g., Univ. Tex. Sw. Med. Ctr. at Dallas v.
Loutzenhiser, 140 S.W.3d 351, 358 (Tex. 2004) (“Not only may an
issue of subject matter jurisdiction ‘be raised for the first time on appeal by
the parties or by the court’, a
court is obliged to ascertain that subject matter jurisdiction exists
regardless of whether the parties have questioned it.” (footnote omitted)), superseded
by statute on other grounds, Tex. Gov’t Code Ann. § 311.034 (Vernon 2005); Waco
Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 851 (Tex. 2000)
(expressing in an interlocutory appeal that “subject matter jurisdiction is
essential to the authority of a court to decide a case, it cannot be waived and
may be raised for the first time on appeal”); Tex. Assoc. of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993) (“Subject matter
jurisdiction is an issue that may be raised for the first time on appeal; it
may not be waived by the parties.”); Tex. Employment Comm’n v. Int’l Union
of Elec., Radio and Mach. Workers, Local Union No. 782, AFL-CIO,  163
Tex. 135, 137, 352 S.W.2d 252, 253 (1962) (“Lack of jurisdiction in the
district court would be fundamental error and a plea to such effect is subject
to review although first presented on appeal.”); Wagner v. Warnasch, 156
Tex. 334, 339, 295 S.W.2d 890, 893 (1956) (“We fully recognize that the
authority of the Court of Civil Appeals and of this court to take notice of
unassigned errors is very much limited in its scope, but there can be no
question of the authority of either of the courts to reverse a case for
fundamental error, if that error is one of jurisdiction.  Not to do so would be
to permit the parties to confer jurisdiction on the court.”).  

           For the following reasons,
I would hold that this court should not refuse to address jurisdictional
questions based on technical defects.  First, section 51.014(a) of the Civil Practice
and Remedies Code provides for an interlocutory appeal from an order of a court
that “denies a plea to the jurisdiction” by the City.  However, there is no
language in the statute proscribing appeals from denials of pleas if the same
or similar relief was previously requested, denied, and no timely appeal
ensued.  Consequently, section 51.014(a) and Appellate Rule of Procedure
26.01(b) should not be interpreted or applied in derogation of the fundamental substantive
rule of law that a court’s subject-matter jurisdiction may be questioned at any
time, whether by a party or the court sua sponte. 

           Second, the Texas
Supreme Court has held that “[i]f the trial court
denies the governmental entity’s claim of no jurisdiction, whether it has been
asserted by a plea to the jurisdiction, a motion for summary judgment, or
otherwise, the Legislature has provided that an interlocutory appeal may be
brought.”  Harris County v. Sykes,
136 S.W.3d 635, 638 (Tex. 2004).  The majority correctly acknowledges that this
court has jurisdiction over a portion of the trial court’s 2009 ruling.  I
submit that having acquired jurisdiction, this court should address all
jurisdictional arguments.  See Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 850–51 (Tex. 2000); Tex. Dep’t of
Transp. v. Olivares, --- S.W.3d ---, No. 14-09-00244-CV, 2010 WL 2361421,
at *1 (Tex. App.—Houston [14th Dist.] June 15, 2010, no pet. h.) (stating that
“[a]n appellate court must consider challenges to the trial court’s
subject-matter jurisdiction on interlocutory appeal, regardless of whether such
challenges were presented to or determined by the trial court”).  

           Third, in Brenham Housing Authority v. Davies,
158 S.W.3d 53, 61 (Tex. App.—Houston [14th Dist.] 2005, no pet.), this court concluded that under section 51.014(a)(8), an
appellate court must confine its review on interlocutory appeal to claims
addressed in the plea previously considered by the trial court.  See also Galveston Indep. Sch. Dist. v. Jaco, 278 S.W.3d 477, 479
n.2 (Tex. App.—Houston [14th Dist.] 2009), rev’d on other grounds,
303 S.W.3d 699 (Tex. 2010) (per curiam); State v. Clear Channel Outdoor,
Inc., No. 14-07-00369-CV, 2008 WL 2986392, at *3 (Tex. App.—Houston
[14th Dist.] July 31, 2008, no pet.) (mem. op.); Clear Lake City Water Auth.
v. Friendswood Dev. Co., 256 S.W.3d 735, 747 n.14 (Tex. App.—Houston
[14th Dist.] 2008, pet. dism’d); Prairie View A & M Univ. v. Dickens,
243 S.W.3d 732, 736 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  However, in Olivares, this court concluded it was not bound by the above panel decisions because
the Texas Supreme Court in Gibson concluded that an appellate court must
consider challenges to subject-matter jurisdiction on interlocutory appeal,
regardless of whether such challenges were presented to or determined by the
trial court.  --- S.W.3d ---, 2010 WL 2361421, at *1 & n.2.  I would submit
the postulate that the supreme court’s analysis in Gibson covers the
factual scenario in this case.  Courts should not interpret or apply procedural
rules to obstruct anyone, at any time, from interposing a fundamental legal question:
does the court presently have subject-matter jurisdiction?

           I acknowledge that the majority has
limited its disposition of a party’s right to seek appellate review of
jurisdictional issues to the unique facts of this case.  However, with due
consideration for the settled jurisprudence described above, I am hesitant to strictly
apply any procedural rule in a manner that impairs or prohibits any party or
court from asserting, at any time, that the court does not have subject-matter
jurisdiction.  Moreover, relative to interlocutory appeals authorized under section
51.014(a), judicial economy should be a strong consideration when the court is
presented with persuasive argument and authority supporting the contention that
the trial court does not have subject-matter jurisdiction.   

           Accordingly, I
respectfully dissent.  

 

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

 

Panel
consists of Justices Yates, Seymore and Brown. (Yates, J. majority)