# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00186-CV

Travis County, Texas; and Sheriff Greg Hamilton, in his Official Capacity, Appellants

v.

Rick Rogers, Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-GN-12-003897, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## CONCURRING OPINION

I join in the Court's judgment, agreeing that, per *Lawson*,[1] governmental immunity does not bar Rogers's suit alleging the County breached its settlement agreement with him. But my reasoning differs somewhat from the Court's opinion.

While the contemporary rationale for sovereign immunity (or its adjunct, governmental immunity) rests upon deference to legislative policy judgments regarding the expenditure of public resources,[2] the doctrine itself is a creature of the common law, and it is the common law rather than statutes that ultimately governs whether such immunity *applies* in the first

---

[1] *Texas A&M Univ.-Kingsville v. Lawson*, 87 S.W.3d 518, 520–23 (Tex. 2002) (plurality op.). Subsequent majority opinions of the Texas Supreme Court have accepted *Lawson*'s validity, *see, e.g.*, *City of Houston v. Jones*, 197 S.W.3d 391, 392 (Tex. 2006) (per curiam) (remanding for reconsideration of jurisdictional issue under *Lawson*), and the County does not question that we are bound by its reasoning.

[2] *See, e.g.*, *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695 (Tex. 2003); *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853–54 (Tex. 2002).

instance, as opposed to the legislative prerogative of whether and how it is *waived*.[3] While the

general common-law rule is that immunity shields government and its agents from suit and liability

in the first instance, the Texas Supreme Court has recognized some exceptions to that rule, and

*Lawson* illustrates one of those. Where the Legislature has chosen to waive immunity as to a cause

of action against government, government settles the claim, and then government allegedly breaches

the settlement agreement and tries to invoke immunity as a bar to any claims for breach, *Lawson*

holds that the immunity that would ordinarily bar the claims for breach (aside from some sort of

independent legislative waiver) does not apply.[4] The essence of *Lawson*'s reasoning is that applying

immunity in such instances would invert the doctrine's own justifications by causing courts to

thwart, rather than defer to, the legislative policy judgments reflected in the decision to waive

immunity in the first place.[5]

---

[3] *See, e.g.*, *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 375 (Tex. 2006).

[4] *Lawson*, 87 S.W.3d at 521–23.

[5] *See id*. at 521 ("[W]hen a governmental entity is exposed to suit because of a waiver of immunity, it cannot nullify that waiver by settling the claim with an agreement on which it cannot be sued . . . without defeating the purpose of the waiver in the first place. . . . We do not think the Legislature intended by waiving the bar of immunity for claims under the Whistleblower Act that settlements would be prevented or delayed by a revival of the bar in the form of immunity from suit for breach of settlement agreements."); *see also id*. at 522 ("Allowing suit against the government for breach of an agreement settling a claim for which immunity has been waived does not interfere with the Legislature's policy choices. . . . If anything, for the government to be immune from the enforcement of such settlements would impair the purposes of the waiver by limiting its effectiveness in cases not tried to a final judgment. Nor are such settlements the kind of agreements likely to impose obligations on the government that would constrain future policy decisions or impair public welfare. In appropriating funds to pay claims for which immunity has been waived there is nothing to indicate that the Legislature has ever distinguished between judgments and settlements or that it would have a good reason to do so. And finally, there is no reason to treat claims as a class for waiver of immunity while treating settlements of those claims on a case-by-case basis.").

Applying the *Lawson* rationale to this case, the dispositive considerations, in my view, are these:  the Legislature has seen fit to waive immunity under the Whistleblower Act to permit a "public employee" (which Rogers undisputedly is) to bring suit for alleged violations of the Act (which Rogers undisputedly could have alleged), provided he first exhausts his employer's grievance or appeal procedures (which Rogers undisputedly did) and files suit within the statutory "limitations" period (which the majority assumes without deciding to be jurisdictional, so I will do the same).[6]  Although Rogers had not yet filed suit at the time of settlement, the "limitations" period had not yet run and the record supports the reasonable inference that Rogers would have filed suit timely absent the settlement.  Applying immunity to bar Rogers's subsequent suit for alleged breach of the settlement agreement under these circumstances would thwart the Legislature's policy judgments in waiving immunity under the Act in the first place and, in turn, the rationales that justify the immunity doctrine.  Consequently, under *Lawson*, immunity should not bar Rogers's suit.

The memorandum opinion in *Neal*[7] does not warrant any contrary conclusion.  The salient feature of that case was that the underlying claims that had been resolved by the settlement agreement on which Neal was attempting to sue for breach (alleged employment discrimination potentially actionable under chapter 21 of the Labor Code) were incurably barred by immunity because Neal had failed to exhaust her administrative remedies—a statutory prerequisite for

---

[6]  *See* Tex. Gov't Code §§ 554.002, .003, .0035, .005, .006.

[7]  *Texas Dep't of Health v. Neal*, No. 03-09-00574-CV, 2011 Tex. App. LEXIS 3460 (Tex. App.—Austin May 6, 2011, pet. denied) (mem. op.).

3

suit—within the Legislature's prescribed 180-day period for doing so.[8]  (It was in this sense and context that the *Neal* Court labeled Neal's underlying immunity-barred job-discrimination claims as having "no adjudicative value in the court system," and I do not perceive this phrase to have any further import in regard to *Neal*'s actual holding).  Given that Neal's underlying claims were immunity-barred, applying immunity to bar her subsequent suit for breach of the agreement that had nonetheless settled those claims did not thwart the Legislature's policy judgments embodied in the manner in which it had waived immunity under chapter 21 as to the underlying claims—instead, immunity served to preserve and effectuate those policy judgments, and it was Neal's suit for breach that would have circumvented and undermined the policies.  Accordingly, *Neal* reached the correct conclusions that *Lawson*'s rationale did not apply and that Neal's suit was barred by immunity.

With this understanding, I concur in the Court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Filed:  July 29, 2015

---

[8]  *See id*. at *10–11 ("Here, it is undisputed that Neal filed her first complaint with the Texas Commission on Human Rights more the 200 days after the Department allegedly discriminated against her . . . .  Thus, Neal did not satisfy the statutory prerequisites for filing suit on that alleged discrimination, which means that . . . immunity from suit on it [was not waived] [and] . . . the trial court lacked jurisdiction over any claim based on the alleged discrimination.").